PROB 12A
(6/21)

# United States District Court

## for

## District of New Jersey

## Report on Individual Under Supervision

| | |
|---|---|
| Name of Individual Under Supervision: Eduardo Lopez | Cr.: 13-00033-001 & 10-00796-001 |
| | PACTS #: 7819 |

Name of Sentencing Judicial Officer:   THE HONORABLE DENNIS M. CAVANAUGH
                                        UNITED STATES DISTRICT JUDGE

Name of Assigned Judicial Officer:     THE HONORABLE MADELINE COX ARLEO
                                        UNITED STATES DISTRICT JUDGE

Date of Original Sentence: 05/06/2013

Original Offense:   Docket Number: 13-00033-001: Sale or Receipt of Stolen Goods, Securities, Moneys, Etc., in Violation of 18 U.S.C. § 2315 & 2

Docket No.: 10-1761-001: Count One: Conspiracy to Receive and Sell Stolen Property, in Violation of 18 U.S.C. § 371 and Count Two: Sale or Receipt of Stolen Goods, in Violation of 18 U.S.C. § 2315 & 2

Original Sentence: 120 months imprisonment, 36 months supervised release

Special Conditions: Cooperation with Immigration and Customs Enforcement, New Debt Restrictions, Occupational Restrictions, and $1,621,225.14 Restitution to be paid jointly and severally with co-defendants.

Type of Supervision:  Supervised Release                Date Supervision Commenced: 04/24/2020

## STATUS UPDATE

On May 6, 2013, Eduardo Lopez was sentenced on Docket Number 2:13CR033-001 and Docket Number 2:10CR796-001 by the Honorable Dennis M. Cavanaugh, United States District Judge, to 120 months imprisonment followed by three years of supervised release following Lopez's guilty pleas to offenses including Sale or Receipt of Stolen Goods, Securities, Moneys, Etc. and Conspiracy to Receive ad Sell Stolen Property and Sale or Receipt of Stolen Goods, Securities, Moneys, Etc.

Special conditions for each case included Cooperation with Immigration and Customs Enforcement, No New Credit Charges, No Opening Additional Lines of Credit, or Incurring and New Monetary Loan, Obligation, or Debt without approval from the Probation Office, Refrain from Self-Employment, and to satisfy restitution in monthly installments of $500.00 to commence 30 days after release from confinement. A total special assessment of $300.00 was imposed, $100.00 for Case Number 2:13CR033-001 and $200.00 for Case Number 2:10CR796-001.

On April 24, 2020, Mr. Lopez was released from custody and commenced his term of supervised release in the Southern District of Florida. Supervision is scheduled to expire on April 23, 2023.

On June 18, 2020, the Court approved a payment schedule of $50.00 per month via a *Request for Modifying the Conditions or Term of Supervision* (Prob Form 12B). Mr. Lopez has complied with this payment

Prob 12A – page 2
Eduardo Lopez

agreement. A total of $5,957.64 has been paid towards the restitution obligation with a current balance of $1,615,267.50. Additionally, the $300.00 owed for special assessments has been paid in full.

Since Mr. Lopez's release, he has been residing with his long-term girlfriend and their son, at 15041 Southwest 145th Street, Miami FL 33196. Mr. Lopez has obtained a valid Employment Authorization Document (EAD). He was able to secure employment at Wal-Mart as a stock person, and he has become the sole financial supporter of the household. Mr. Lopez's girlfriend has become the sole caretaker of their son who has Down Syndrome.

In December 2021, based on a financial investigation, a request was submitted to the Court requesting the conditions be modified to include a payment schedule of $220.00 per month. However, the Honorable Madeline Cox Arleo, United States District Judge, denied the request. The payment schedule has remained at $50.00 per month.

Throughout Mr. Lopez's term of supervised release, the Probation Office has been monitoring his ability to make restitution payments toward his court-ordered financial obligation. He has paid the court- ordered restitution to the best of his financial ability. Mr. Lopez supervised release is scheduled to expire on April 23, 2023, and he will be unable to satisfy this financial obligation in full. To date, he has paid a total of $5,957.64, with a current balance of $1,615,267.50. The restitution continues to be paid jointly and severally with the co-defendants. The special assessment fees in both cases have been paid in full.

Mr. Lopez reported no assets which can be liquidated to pay the remaining balance of restitution owed. Mr. Lopez has been advised the restitution judgment remains valid for a period of 20 years from the date of the judgment, plus time for incarceration.

The Probation Office respectfully requests Mr. Lopez's supervision term expire as scheduled on April 23, 2023. The Court will be notified of any non-compliance or changes prior to Mr. Lopez's expiration date.

Respectfully submitted,

SUSAN M. SMALLEY, Chief
U.S. Probation Officer

*Blair C. Janulis*

By:   BLAIR C. JANULIS
U.S. Probation Officer

/ dms

APPROVED:

_____   11/30/2022
CARRIE H. BORONA                Date
Supervising U.S. Probation Officer

Prob 12A – page 3
Eduardo Lopez

***Please check a box below to indicate the Court's direction regarding action to be taken in this case:***

☐ No Formal Court Action to be Taken at This Time

☐ Submit a Request for Modifying the Conditions or Term of Supervision

☐ Submit a Request for Warrant or Summons

☒ Allow Supervision to Expire as Scheduled on April 23, 2023 (as recommended by the Probation Office)

_____
Signature of Judicial Officer

12/8/22
_____
Date